**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BEGNOVE VASQUEZ-GARCIA, | No.   12-73258 |
| Petitioner, | Agency No. A089-853-916 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016**

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Begnove Vasquez-Garcia, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Vasquez-Garcia does not challenge the agency's dispositive determination that his asylum application was time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are deemed waived). Thus, we deny his petition for review as to his asylum claim, including his humanitarian asylum claim.

Substantial evidence supports the BIA's determination that Vasquez-Garcia's experiences in El Salvador did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006); *see also Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) ("Although a reasonable factfinder *could* have found this incident sufficient to establish past persecution, we do not believe that a factfinder would be compelled to do so.") (emphasis in original). Substantial evidence also supports the BIA's determination that Vasquez-Garcia failed to demonstrate it is more likely than not that he will be persecuted in El Salvador. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir.

12-73258

2003) (to qualify for withholding of removal, petitioner must show that it is more probable than not that he would suffer future persecution). Thus, Vasquez-Garcia's withholding of removal claim fails.

Finally, substantial evidence also supports the BIA's denial of Vasquez-Garcia's CAT claim because he failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government of El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**